WILKINSON, Chief Judge,
concurring in the judgment:
I concur in the judgment here, but I write separately because I think the case is closer than the majority acknowledges.
In the abstract, it is reasonable to contend, as appellant does, that the language “arising out of your product” in the exclusion applies only to traditional products liability actions. If an injury is inflicted by a person with a non-defective gun or knife, one would not normally think of the gun or knife as having inflicted the injury. Rather, one would typically view the person who misused the weapon as having inflicted the injury. That is, the injury would be said to have “arisen out of’ the wrongful act of the person, not the weapon itself.
In many jurisdictions, this would be a prevailing argument, and coverage for the insured manufacturer would lie. The question here is whether Maryland courts have interpreted the words “arising out of’ in such a manner as to sweep this argument away. Analytically, they have. It is only because Maryland assigns to the words “arising out of’ an extraordinary breadth that the exclusion can be interpreted as the district court did. The Maryland courts have interpreted “arising out of’ to express the expansive concept of but — for causation, and they have done this repeatedly and in a variety of different settings and contexts. See, e.g., Mass Transit Admin, v. CSX Transp., Inc., 349 Md. 299, 708 A.2d 298, 307 (Md.1998); N. Assurance Co. of Am. v. EDP Floors, Inc., 311 Md. 217, 533 A.2d 682, 688-89 (Md. 1987); Nat’l Indem. Co. v. Ewing, 235 Md. 145, 200 A.2d 680, 682 (Md.1964). Under Maryland law, one cannot escape the fact that, “but for” appellant’s product, the harms alleged in the underlying complaints would not have occurred.
Secondly, if the adjective “defective” had been used to modify the noun “product,” the exclusion could likewise be interpreted in the manner that appellant suggests. The exclusion would then plainly be limited to traditional products liability suits. I do not believe, however, that courts possess the authority to add that word to the contract of insurance negotiated by the parties.
In sum, had another state’s law been controlling or had the exclusion contained *257 a single additional word, the result might well have been different. On the basis of Maryland law and under this contract, however, I think an affirmance is the proper course.